| | |
|---|---|
| KAZEROUNI LAW GROUP, APC<br>Abbas Kazerounian, Esq. (249203)<br>ak@kazlg.com<br>Matthew M. Loker, Esq. (279939)<br>ml@kazlg.com<br>245 Fischer Avenue, Unit D1<br>Costa Mesa, CA 92626<br>Telephone: (800) 400-6808<br>Facsimile: (800) 520-5523 | LAW OFFICES OF TODD M. FRIEDMAN, P.C.<br>Todd M. Friedman, Esq. (216752)<br>tfriedman@attorneysforconsumers.com<br>Adrian R. Bacon, Esq. (280332)<br>abacon@attorneysforconsumers.com<br>324 S. Beverly Dr., #725<br>Beverly Hills, CA 90212<br>Telephone: (877) 206-4741<br>Facsimile: (866) 633-0228 |

HYDE & SWIGART
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
2221 Camino del Rio South, Suite 101
San Diego, CA 92108
Telephone (619) 233-7770
Facsimile (619) 297-1022

*Attorneys for Plaintiff*,
Britt Stoker

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITT STOKER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>LOGMEIN, INC.,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>1. **VIOLATIONS OF CALIFORNIA AUTO RENEWAL STATUTE CALIFORNIA BUS. & PROF. CODE §§ 17600, ET SEQ.**<br>2. **VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200, ET. SEQ**<br><br>**DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT**
-1-

Plaintiff BRITT STOKER ("Plaintiff"), on behalf of himself and all others similarly situated, alleges the following against Defendant LOGMEIN, INC. upon information and belief based upon personal knowledge:

## INTRODUCTION

1. Plaintiff's Class Action Complaint is brought pursuant to the California Automatic Purchase Renewal Statute Cal. Bus. & Prof. Code § 17600, et seq. ("CAPRS").

2. Plaintiff, individually, and on behalf of all others similarly situated, brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant charging Plaintiff's and also the putative Class members' credit cards for unauthorized sums, on a recurring basis without obtaining proper written authorization signed or similarly authenticated for preauthorized electronic fund transfers from Plaintiff's and also the putative Class members' accounts, and without properly disclosing the price changes, thereby violating Cal. Bus. & Prof. Code § 17600 *et. seq*. Any material change in the terms of the arrangement must be provided to the consumer in a clear and conspicuous notice, and the notice must inform the consumer how to cancel, yet Defendant's policy and practice was not to inform consumers of material price changes to its service in advance of charging their accounts. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## JURISDICTION AND VENUE

3. This Jurisdiction is proper under 28 U.S.C. § 1332(d)(2)(A) because Plaintiff, a resident of the State of California, seeks relief on behalf of a California class, which will result in at least one class member belonging to a different state than that of Defendant, a company incorporated in the State of

Delaware with its principal place of business in Massachusetts. Plaintiff also seeks a reimbursement of all funds wrongfully obtained without consumers' consent, pursuant to Cal. Bus. & Prof. Code § 17603, which, when aggregated among a proposed class number in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

4. Venue and personal jurisdiction in this District are proper pursuant to 28 U.S.C. 1391(b) because Plaintiff resides within this District and Defendant do or transact business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiff is an individual who resides in the County of Riverside, State of California and a "person" as defined by Cal. Bus. & Prof. Code § 17201.

6. Plaintiff is informed and believes, and thereon alleges, that Defendant is a company whose State of Incorporation is in the State of Delaware and principal place of business is in the State of Massachusetts.

7. Plaintiff is informed and believes, and thereon alleges, that Defendant is a company that provides users remote access to their computers.

8. Defendant acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9. At all times relevant, Plaintiff is an individual residing within the state of California.

10. Plaintiff had been a member of LogMeIn's services since approximately 2006. Plaintiff's annual fee, as agreed upon by the parties, was

$199.00.

11. On or about July of 2013, Plaintiff's credit card was charged $199.00 by Defendant for a one year subscription for their services.

12. On or about July of 2014, Plaintiff's credit card was unexpectedly and unknowingly charged $1,499.00 by Defendant for another one year subscription. Plaintiff was never notified, called, or emailed regarding the price increase. Plaintiff never consented to be charged or to renew his account.

13. The dramatic price change from $199.00 per year, to $1,499.00 per year was a material change to any renewal agreement between Plaintiff and Defendant.

14. Defendant never provided advanced clear and conspicuous notice to Plaintiff of the material change to his auto-renewal agreement. Defendant failed to notify Plaintiff in any reasonable manner. Defendant did not send Plaintiff any email, or other written correspondence, nor did Defendant attempt to call Plaintiff to inform him of the price increase.

15. Defendant never provided Plaintiff with information regarding how to cancel in a manner that was capable of being retained by Plaintiff.

16. On information and belief, Plaintiff alleges that Defendant's policy and practice is to not notify its customers about such price increase.

17. Plaintiff disputed the charges with Defendant on numerous occasions, but was denied a refund of the funds misappropriated from his account by Defendant. During the course of this dispute process, Plaintiff asked Defendant's agent why he was never informed that there would be a dramatic price increase for the services on his account.

18. Defendant's agents informed Plaintiff that the reason that they never sent him notification of the dramatic price changes for its services before automatically charging his account was because he had selected an option at the

time he opened his account, that he did not wish to receive email advertisements from Defendant. Plaintiff reasonably assumed that this checkbox was meant to prevent him from receiving spam email, not that it relieved Defendant of its legal obligations to notify consumers of material changes to their customer agreements.

19. Defendant's agents also informed Plaintiff that Defendant was charging Plaintiff for computers on his account that had not logged into a LogMeIn account for several years.

20. On information and belief, Plaintiff alleges that Defendant's policy and practice is to not clearly and conspicuously notify its customers about material price increases, before automatically transferring funds from their recorded billing information.

21. On information and belief, Plaintiff alleges that Defendant's policy and practice is to continue charging customers for computers on their accounts that are inactive, without notifying consumers that the accounts are being overcharged.

22. Further, well after the dispute between the parties arose, on or around April of 2015, Defendant sent Plaintiff an e-mail indicating that Plaintiff's subscription to Defendant's service had expired. Defendant then tried to automatically renew the subscription again by charging Plaintiff's credit card a third time, but the charge was declined. Defendant did not have authorization to charge Plaintiff's account.

23. Plaintiff had previously requested that Defendant refrain from attempting to auto-renew his account. However, Defendant attempted to do so anyways, without written authorization, and without notification as to the dramatic price change.

24. Plaintiff never provided Defendant with any written authorization to

deduct any sums of money on a regular recurring basis from Plaintiff's credit card.

25. Further, Defendant did not provide to Plaintiff, nor did Plaintiff execute, any written or electronic writing memorializing or authorizing the recurring or automatic payments.

26. Plaintiff did not provide Defendant either with a written or an electronic signature authorizing the recurring or automatic payments of an increased amount.

27. Plaintiff alleges such activity to be in violation of California's Automatic Purchase Renewal Statute Cal. Bus. & Prof. Code § 17600, et seq. ("CAPRS"), and its surrounding regulations.

28. At all times relevant, Defendant made and continues to make automatic renewal offers and continuous service offers, as those terms are defined by Cal. Bus. & Prof. Code § 17600, et seq. ("California's Automatic Purchase Renewal Statute") to Plaintiff and other consumers similarly situated.

29. At the time Plaintiff purchased a subscription, Defendant failed to present Defendant's automatic renewal offer terms or continuous service offer terms in a clear and conspicuous manner, as defined by California's Automatic Purchase Renewal Statute, before the subscription or purchasing agreement was fulfilled, and in visual or temporal proximity to Defendant's request for consent to the offer.

30. At the time Plaintiff purchased this subscription, Defendant charged Plaintiff for a automatic renewal offer without first obtaining Plaintiff's affirmative consent to the agreement containing the automatic renewal offer terms or continuous service offer terms.

31. Cal. Bus. & Prof. Code § 17602(c) requires that in the case of a material change in the terms of the automatic renewal or continuous service offer

that has been accepted by a consumer in this state, the business shall provide the consumer with a clear and conspicuous notice of the material change and provide information regarding how to cancel in a manner that is capable of being retained by the consumer. Defendant failed to provide clear and conspicuous notice of the material changes to its pricing model, or information regarding how to cancel services, prior to automatically charging Plaintiff's account $1,499.00.

32. At the time Plaintiff subscribed to Defendant's services, Plaintiff was subjected to Defendant's unlawful policies and/or practices, as set forth herein, in violation of Cal. Bus. & Prof. Code § 17600, et seq.

33. The material circumstances surrounding this experience by Plaintiff were the same, or nearly the same, as the other class members Plaintiff proposes to represent, and Plaintiff and all putative class members were required to pay, and did pay, money for this subscription marketed and sold by Defendant.

34. Defendant's undisclosed price hikes, coupled with any authorization to automatically charge consumers' proffered method of payment, is an unfair, unlawful and fraudulent bait and switch scheme.

## CLASS ACTION ALLEGATIONS

35. Plaintiff brings this action on behalf of himself and all others similarly situated, as a member of the proposed class (hereafter "The Class") defined as follows:
> All persons in California whose credit cards, debit cards, or bank accounts were charged on a reccurring basis by Defendant without Defendant obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers within the four years prior to the filing of this Complaint.

36. Plaintiff represents, and is a member of, The Class, consisting of all persons within California whose credit card was charged on a recurring basis by

Defendant without Defendant obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers within the four years prior to the filing of this Complaint.

37. Defendant, their employees and agents are excluded from The Class. Plaintiffs do not know the number of members in The Class, but believe the Class members number in the hundreds, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

38. The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes hundreds, if not thousands, of members. Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendant.

39. This suit is properly maintainable as a class action pursuant to Fed. R. Civ. P. 23(a) because the Class is so numerous that joinder of the Class members is impractical and the disposition of their claims in the class action will provide substantial benefits both to the parties and to the Court.

40. There are questions of law and fact common to the Class affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members and include, but are not necessarily limited to, the following:

    a. Whether the members of the Class entered into agreements with Defendant to have automatic, or recurring, electronic payments charged to their credit cards, debit cards or bank accounts, to be paid to Defendant towards settlement of the Class members' alleges services received by Defendant;

    b.    Whether the members of the Class were provided with, and/or execute, written agreements memorializing the automatic or recurring electronic payments;

    c.    Whether Defendant failed to request, or provide, Class members with written agreements memorializing the automatic or recurring electronic payments;

    d.    Whether the members of the Class provided either a written ("wet") or otherwise electronic signature authorizing the automatic or recurring electronic payments

    e.    Whether despite not providing written or electronic authorization for payments to be charged to their credit cards, Defendant took unauthorized payments from Class members' cards.

    f.    Whether the changes to Defendant's pricing model, discussed herein, are "material" changes to any auto-renewal agreement between Defendant and consumers;

    g.    Whether Defendant failed to provide clear and conspicuous notice to Plaintiff and Class Members of its price changes before automatically deducting funds from their accounts; and

    h.    Whether Defendant failed to provide information to Plaintiff and Class Members regarding how to cancel in a manner that is capable of being retained by the consumer.

41. As someone whose credit card was charged on a reoccurring basis by Defendant without Defendant obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers in the amount at issue, Plaintiff is asserting claims that are typical of The Class.

42. Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the

prosecution of class actions.

43. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

44. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

45. Defendant have acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

46. Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable because, on information and belief, the putative class consists of hundreds, if not thousands, of individuals and is so numerous that joinder of all putative class members, whether otherwise required or permitted, is impracticable. The actual number of putative class members is in the exclusive control of Defendant.

47. Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and

**CLASS ACTION COMPLAINT**
-10-

preferable, because Plaintiff will fairly and adequately protect the interests of the Class and Plaintiff has hired counsel able and experienced in class action litigation.

48. Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because this Court and the parties would enjoy economies in litigating common issues on a class-wide basis instead of a repetitive individual basis.

49. Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because the size of each putative class member's actual damages is too small to make individual litigation an economically viable option.

50. Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because no unusual difficulties will likely occur in the management of the Class as all questions of law or fact to be litigated at the liability stage are common to the putative class and all compensatory relief is concomitant with a liability finding and can be calculated by automated and objective means.

51. The size and definition of the Class can be identified through Defendant's records and/or Defendant's agents' records.

### COUNT I:
### VIOLATION OF THE CALIFORNIA AUTOMATIC PURCHASE RENEWAL STATUTE
**(Cal. Bus. & Prof. Code §§ 17600 et seq.)**
**(On Behalf of Plaintiff and the Class)**

52. Plaintiff incorporates by reference each allegation set forth above.

53. In or about 2015, as set forth above, Defendant has engaged in the practice of making automatic renewal offers and continuous service offers, as those terms are defined by Cal. Bus. & Prof. Code § 17600, et seq. ("California's Automatic Purchase Renewal Statute"), to California consumers and the general public.

54. Plaintiff and members of the Class have suffered an "injury in fact" and have lost money and/or property as a result of Defendant's: (a) failure to present Defendant's automatic renewal offer terms or continuous service offer terms in a clear and conspicuous manner before the subscription or purchasing agreement is fulfilled and in visual proximity, or in the case of an offer conveyed by voice, in temporal proximity, to the request for consent to the offer; (b) charges to the consumer's credit or debit card or the consumer's account for an automatic renewal or continuous service without first obtaining the consumer's affirmative consent to the agreement containing the automatic renewal offer terms or continuous service offer terms; (c) failure to clearly and conspicuously give notice of a material change in the terms of the automatic renewal or continuous service offer; and (d) failure to provide an acknowledgment that includes the automatic renewal or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer; and where Defendant also fails to disclose in the acknowledgment how to cancel and allow the consumer to cancel before the consumer pays for the goods or services, in violation of Cal. Bus. & Prof. Code § 17600, et seq.

55. As a direct and proximate result of Defendant's aforementioned conduct and representations, Defendant received and continues to hold monies rightfully belonging to Plaintiff and other similarly situated consumers.

56. As a direct and proximate result of Defendant's violations of Cal. Bus. & Prof. Code § 17600, et seq., Plaintiff and members of the class are entitled to a declaration that Defendant violated the California Automatic Purchase Renewal Statute.

57. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**CLASS ACTION COMPLAINT**
-12-

# COUNT II:
## VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200
**(On Behalf of Plaintiff and the Class)**

58. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

59. Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL. Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices. A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm--that is, evidence that the defendant's conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the defendant's conduct created a risk of harm. Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

### UNFAIR

60. California Business & Professions Code § 17200 prohibits any "unfair ... business act or practice." Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

**CLASS ACTION COMPLAINT**
-13-

61. In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

62. Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiff and members of the Class. Plaintiff and members of the Class have suffered injury in fact due to Defendant's material and undisclosed changes to its auto-renewal agreements with consumers. Thus, Defendant's conduct has caused substantial injury to Plaintiff and the members of the Class.

63. Moreover, Defendant's conduct as alleged herein solely benefits Defendant while providing no benefit of any kind to any consumer. Such deception utilized by Defendant converted large sums of money from Plaintiff and Class members without written authorization, or advanced notice. This systematic scheme is tantamount to theft. Thus, the injury suffered by Plaintiff and the members of the Class is not outweighed by any countervailing benefits to consumers.

64. Finally, the injury suffered by Plaintiff and members of the Class is not an injury that these consumers could reasonably have avoided. Defendant misappropriated funds from Plaintiff and other consumers, and these consumers suffered injury in fact due to Defendant's undisclosed and unexpected price hikes. As such, Defendant took advantage of Defendant's position of perceived power in order to deceive Plaintiff and the Class members. Therefore, the injury suffered by Plaintiff and members of the Class is not an injury which these consumers could reasonably have avoided.

65. Thus, Defendant's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

///

<u>FRAUDULENT</u>

66. California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice." In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

67. The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived. Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

68. Here, not only were Plaintiff and the Class members likely to be deceived, but these consumers were actually deceived by Defendant. Such deception is evidenced by the fact that Defendant had a duty to disclose material changes to its automatic renewal agreements, failed to do so, and misappropriated significant sums of money from Plaintiff and Class members, who reasonably relied on Defendant's prior rate structure being the going rate for future transactions, causing considerable actual damages.

69. Plaintiff's reliance is reasonable due to the unequal bargaining powers of Defendant and Plaintiff. For the same reason, it is likely that Defendant's fraudulent business practice would deceive other members of the public.

70. Defendant's undisclosed price hikes, coupled with any authorization to automatically charge consumers' proffered method of payment, is an unfair, unlawful and fraudulent bait and switch scheme.

71. Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

<u>UNLAWFUL</u>

72. California Business and Professions Code Section 17200, et seq.

prohibits "any unlawful…business act or practice."

73. As explained above, Defendant deceived Plaintiff and other Class Members by deducting unauthorized sums from their accounts without advanced clear and conspicuous notice of its dramatic price changes.

74. Defendant's acts, as pled herein, are an "unlawful" business practice or act under Business and Professions Code Section 17200 et seq.

75. Defendant's conduct caused and continues to cause economic harm to Plaintiff and Class Members.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, and The Class Members prays for judgment as follows:

- Certifying the Class as requested herein;
- Providing such further relief as may be just and proper.

In addition, Plaintiff, and the Class Members pray for further judgment as follows:

- Restitution of the funds improperly obtained by Defendant;
- Any and all statutory enhanced damages;
- All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power;
- For equitable and injunctive and pursuant to California Business and Professions Code § 17203; and,
- Any and all other relief that this Court deems just and proper.

## **TRIAL BY JURY**

76. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted this 29th day of June, 2015.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By: /s/ Todd M. Friedman
Todd M. Friedman
Law Offices of Todd M. Friedman
Attorney for Plaintiff